**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Woolsey, | No. CV-21-00027-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Pending before the Court are the Government's Request for Extension of Time to Answer (Doc. 14) and Petitioner's Motion for Default Judgment Against United States for Failure to Respond to Court Order (Doc. 15). In the former, counsel for the Government asks that the Court extend the deadline to answer Petitioner's Second Amended § 2255 Motion (Doc. 11) to September 17, 2021. (Doc. 14.)[1] Petitioner did not file a response to the Government's request for an extension, but in his Motion for Default Judgment, he asks that the Court enter judgment against the Government because of its failure to timely respond to his Second Amended § 2255 Motion. (Doc. 15.) For the following reasons, the Court will grant the Government's requested extension and deny Petitioner's request for default judgment.

**I.    Facts and Background**

On April 9, 2021, the Court ordered the Government to answer Petitioner's Second Amended § 2255 Motion within 60 days from the date of service. (Doc. 12.) The

---

[1] The Government subsequently filed its Response to Petitioner's § 2255 Motion on August 26, 2021.  (Doc. 16.)

1    Government failed to do so. The Court therefore issued an Order directing the Government,
2    within 15 days from July 6, 2021, to either show good cause as to why it should be granted
3    an extension of time to answer or, alternatively, state it wishes to waive any affirmative
4    defenses. (Doc. 13.)

5        On July 7, 2021, counsel for the Government filed the above-mentioned Request
6    (Doc. 14), stating in support of an extension of time that she (1) did not calendar the Court's
7    deadline to answer Petitioner's Second Amended § 2255 Motion, (2) has been preparing
8    for an upcoming trial, (3) is counsel in numerous other cases involving multiple defendants
9    and extensive litigation, and (4) is requesting the first extension in this case and is not doing
10   so for the purpose of delay. (Doc. 14.)

11       On July 15, 2021, Petitioner filed the above-mentioned Motion (Doc. 15), stating in
12   support of his request for default judgment that (1) the record shows a pattern of delay on
13   the part of the Government that has prejudiced him since the beginning, (2) a violation of
14   his due process rights will continue if the Government is granted extensions in this case,
15   and (3) the Government's untimely response denies him a swift resolution of his requested
16   habeas relief and "poses a threat to the orderly administration of [j]ustice." (Doc. 15 at 3–
17   4.)

18   **II.   Discussion**

19       "The failure to respond to claims raised in a petition for habeas corpus does not
20   entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.
21   1990); *see also Allen v. Tripp*, 2013 WL 1345842, at *1 (D.D.C. Apr. 2, 2013) ("it is
22   improper to issue a default judgment granting a habeas petition."); *Aziz v. Leferve*, 830 F.2d
23   184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus
24   cases."); *United States v. Greenslade*, 2009 WL 1507290, at *2 (M.D. Pa. May 28, 2009)
25   ("[D]efault judgments are not appropriate in § 2255 motions."). Instead, because habeas
26   petitions implicate the interests of "the public at large," a court must "ensur[e] that [they]
27   are granted only when the court is satisfied of their merits"—that is, "on the best obtainable

28

1    evidence." *Bermudez v. Reid*, 733 F.2d 18, 22 (2d Cir. 1984).[2]

2          Here, the Government admittedly failed to comply with the Court's April 9, 2021

3    Order (Doc. 12) directing it to answer Petitioner's Second Amended § 2255 Motion within

4    60 days of service. However, the Government promptly—within one day—complied with

5    the Court's July 6, 2021 Order (Doc. 13) directing it to either show cause for an extension

6    or state that it waives any affirmative defenses. (Doc. 14.) Federal Rule of Civil Procedure

7    6(b)(1)(B) allows this Court to grant an untimely motion to extend a deadline, provided

8    that the failure to file a timely motion was due to excusable neglect. Upon review of the

9    Government's reasons for an extension and its failure to timely respond, and considering

10   that this is the Government's first request for an extension and that it immediately complied

11   with the Court's July 6, 2021 Order, the Court finds good cause to grant the Government

12   an extension.

13         Accordingly, for the foregoing reasons,

14         **IT IS ORDERED** that the Government's Request for Extension of Time to Answer

15   (Doc. 14) is **granted**, *nunc pro tunc*, and Petitioner's Motion for Default Judgment Against

16   United States for Failure to Respond to Court Order (Doc. 15) is **denied**.

17         **IT IS FURTHER ORDERED** that the Government's Response to Petitioner's

18   Second Amended § 2255 Motion (Doc. 16) is considered timely.

19         Dated this 31st day of August, 2021.

20

21

22

23                                                  _____
24                                                  Honorable Rosemary Márquez
                                                    United States District Judge
25

26

27   _____
     [2] Furthermore, a default judgment under the Federal Rules of Civil Procedure is not
28   available against the United States unless "the claimant establishes a claim or right to relief
     by evidence that satisfies the court." Fed. R. Civ. P. 55(d).