**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Woolsey, | No. CV-21-00027-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Pending before the Court is Petitioner's Second Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 11.)[1] Respondents filed a Response (Doc. 16) and Petitioner filed a Reply (Doc. 21). The Motion will be denied.

**I.    Background**

After a jury trial, Petitioner was convicted of mailing threatening communications in violation of 18 U.S.C. § 876(c) and threatening to murder an officer or employee of the United States in violation of 18 U.S.C. § 115(a)(1)(B). (Doc. 11 at 2; *see* 4:17-cr-01063-RM-DTF-1.)[2] On February 13, 2019, this Court sentenced Petitioner to concurrent 37-

---

[1] The Court previously denied Petitioner's First Motion to Vacate Pursuant to 28 U.S.C. § 2255 and closed this case. (*See* Doc. 6.) The Court then partially granted Petitioner's Motion for New Trial and Motion to Amend, vacated its judgment, and reopened this action, permitting Petitioner to file his Second Amended Motion. (*See* Doc. 12.)
[2] All record citations refer to the record in the above-captioned case, unless otherwise noted within the citation.

month terms of imprisonment followed by concurrent 3-year terms of supervised release, with the sentence to be served consecutive to a sentence imposed in the District of North Dakota. (Doc 80 in 4:17-cr-01063-RM-DTF-1.) Petitioner appealed his convictions, and the Ninth Circuit Court of Appeals affirmed. (Doc. 104 in 4:17-cr-01063-RM-DTF-1.)

## II. Second Amended § 2255 Motion

Petitioner seeks to vacate or set aside his convictions for threatening to murder an officer or employee of the United States and mailing a threatening communication. (Doc. 11.) Petitioner's Motion raises two grounds for the requested relief. (*Id.*) First, Petitioner argues that the trial and appellate courts lacked jurisdiction over his offense under 18 U.S.C. § 876. (*Id.* at 5.) Second, Petitioner argues that his trial and appellate counsel provided ineffective assistance pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.* at 6-7.)

### a. Jurisdiction

Petitioner argues in Ground One that this Court lacked jurisdiction pursuant to Article III of the United States Constitution to criminalize his conduct of mailing a threatening communication. (Doc. 11.) Petitioner argues that the trial and appellate courts' jurisdiction was "hypothetical" because prison officials intercepted the correspondence "without a valid stamp." (*Id.* at 5.)

Assertions of lack of jurisdiction are cognizable in § 2255 motions. *See* 28 U.S.C. § 2255; *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981.) Section 3231 of Title 18 of the United States Code provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Thus, district courts have original jurisdiction over cases involving violations of federal statutes. *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1291, circuit courts have jurisdiction over appeals from final decisions of the district courts.

Here, this Court tried Petitioner for crimes under Title 18 of the United States criminal code, specifically 18 U.S.C. §§ 115(a)(1)(B) and 876(c). Thus, pursuant to 18

U.S.C. § 3231, this Court had jurisdiction over Petitioner's offenses. Furthermore, pursuant to 28 U.S.C. § 1291, the Ninth Circuit Court of Appeals had jurisdiction over Petitioner's appeal of his convictions. (*See* Doc. 104-1 at 2 in 4:17-cr-01063-RM-DTF-1.) The courts clearly had jurisdiction over Petitioner's criminal case.

To the extent Petitioner argues in Ground One that there was insufficient evidence to support the verdict, that claim is precluded because it could have been raised on direct appeal and Petitioner has not demonstrated cause and prejudice or actual innocence to excuse the procedural default of the claim. "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). The "cause and prejudice" standard requires the prisoner to show not only that "some objective factor external to his defense" impeded his efforts to raise the issue as required by each relevant procedural rule," *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage, infecting his entire trial with error," *United States v. Frady*, 456 U.S. 152, 170. A procedurally defaulted claim may also be raised on habeas review if the petitioner demonstrates that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. at 623 (internal quotation and citation omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Id*. (internal quotation and citation omitted).

Petitioner's argument that the court lacked jurisdiction because the letter was not properly stamped or otherwise mailed is procedurally defaulted. Petitioner has not argued or demonstrated "cause and prejudice" or "actual innocence" to support raising this argument for the first time in his § 2255 Motion. Furthermore, this argument fails on the merits because Petitioner stipulated that he "knowingly and willfully, did deposit, in an

authorized repository for mail, a letter, Exhibit 1, addressed to Don Robinson." (Doc. 16 at 8; Doc. 98 at 19 in 4:17-cr-01063-RM-DTF-1.)

### b. Ineffective Assistance of Counsel

Petitioner argues in Ground Two that his trial and appellate counsel provided ineffective assistance in violation of the Sixth Amendment to the United States Constitution. (Doc. 11.) Petitioner claims that his counsel were ineffective for (1) failing to seek dismissal of the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, and Federal Rules of Criminal Procedure 4 and 5; (2) failing to challenge the trial and appellate courts' jurisdiction; (3) failing to seek suppression of his statements; (4) failing to call Don Robinson as a witness; (5) failing to raise an insanity defense; and (6) failing to raise issues related to jury instructions on the "objective" nature of threat and "mailing element." (*Id*. at 6.)

A petitioner may appropriately raise ineffective assistance of counsel ("IAC") claims in a § 2255 petition. *Massaro v. United States*, 538 U.S. 500, 509 (2003). To obtain relief on an IAC claim, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984). To show prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair . . . Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 466 U.S. at 697. A § 2255 motion must "allege specific facts which, if true,

would entitle [a petitioner] to relief." *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).

Petitioner has plainly failed to show ineffective assistance under *Strickland*. Petitioner does not develop his argument that trial counsel rendered ineffective assistance by failing to seek dismissal of the indictment pursuant to the Speedy Trial Act and Federal Rules of Criminal Procedure 4 and 5. The Court notes that Petitioner was indicted on July 5, 2017 and was appointed counsel at his initial appearance held on July 14, 2017. (Docs. 1, 8 in 4:17-cr-01063-RM-DTF-1.) The record of Petitioner's criminal case indicates that he filed numerous motions to continue the trial and plea deadline and he waived his speedy trial rights when setting a trial date. (*See* Docs. 11, 18, 23, 28, 39, 49 in 4:17-cr-01063-RM-DTF-1.) Petitioner has not established that trial counsel rendered ineffective assistance by failing to seek dismissal on speedy trial grounds.

Second, trial counsel did not render ineffective assistance by failing to challenge jurisdiction because, as described above in Section II(a), the district and appellate courts clearly had jurisdiction over Petitioner's criminal offenses.

Third, trial counsel did not render ineffective assistance by failing to seek suppression of Petitioner's statements to law enforcement on hearsay grounds because, pursuant to Federal Rule of Evidence 801(d)(2), the statements are opposing party statements and are not considered hearsay.

Fourth, trial counsel did not render ineffective assistance by failing to call Don Robinson as a witness. Statements by Don Robinson were not introduced at Petitioner's trial and therefore Petitioner had no Sixth Amendment right to confront him. (*See* Doc. 70 in 4:17-cr-01063-RM-DTF-1); U.S. Const. Amend. VI (a criminal defendant has the right to confront witnesses against him). Furthermore, although counsel's failure to call witnesses can amount to IAC, "to establish prejudice caused by the failure to call a witness, a petitioner must show that the witness was likely to have been available to testify, that the witness would have given the proffered testimony, and that the witness['s] testimony created a reasonable probability that the jury would have reached a

verdict more favorable to the petitioner." *Davidson v. Sullivan*, No. 17-cv-0421-H-MDD, 2018 WL 2837472, at *21 (S.D. Cal. June 8, 2018), *report and recommendation adopted sub nom. Davidson v. Kernan*, 2018 WL 3913395 (S.D. Cal. Aug. 15, 2018) (citing *Alcala v. Woodford*, 334 F.3d 862, 872-73 (9th Cir. 2003)). Petitioner has not shown that Don Robinson was likely available to testify, that Robinson would have given the proffered testimony, or that the testimony would have created a reasonable probability of a verdict favorable to Petitioner. Thus, Petitioner has not shown prejudice from his trial counsel's failure to call Don Robinson as a witness.

Fifth, Petitioner provides no evidence that an insanity defense would have been available to him at trial and therefore there is no basis for finding counsel's assistance ineffective on that ground. *See United States v. Winn*, 577 F.2d 86, 89-90 (9th Cir. 1978) (a defense theory must be supported by some evidence for the jury to receive instruction on it).

Sixth, although Petitioner avers that the jury failed to acquit him due to his counsel's failure to raise issues related to the jury instructions on the "objective" nature of the threat and the "mailing element," Petitioner does not develop this argument nor explain why or how the outcome of his criminal proceeding would have been different but for any instructional errors. Even assuming there were instructional errors, no prejudice accrued to Petitioner from those errors because there is no reasonable probability that the jury's verdict would have been favorable to Petitioner absent the alleged instructional errors. As discussed above, Petitioner stipulated at trial that he knowingly and willfully deposited the letter at issue in an authorized repository for mail, addressed to Don Robinson. (Doc. 16 at 8; Doc. 98 at 19 in 4:17-cr-01063-RM-DTF-1.) Furthermore, in affirming Petitioner's convictions, the Ninth Circuit Court of Appeals held that even assuming the trial judge erred by not instructing the jury that it must find an objective intent to threaten, there is "no reasonable probability the jury's verdict would have been different had the jury been properly instructed." (Doc. 104-1 at 2-3 in 4:17-cr-01063-RM-DTF-1 (internal quotation marks omitted).)

Accordingly,

**IT IS ORDERED** that Petitioner's Second Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 11) is **denied**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 31st day of January, 2022.

_____
Honorable Rosemary Márquez
United States District Judge